UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID SPELLMAN,

                   Plaintiff,

       -against-

TAKEDA DEVELOPMENT CENTER AMERICAS,
INC., TAKEDA PHARMACEUTICALS AMERICA,
INC., AND TAKEDA PHARMACEUTICALS
INTERNATIONAL, INC.,

                   Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-5608 (JMA)(ARL)

**AZRACK, United States District Judge:**

Before the Court is a motion by plaintiff David Spellman ("Plaintiff") to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the following reasons, the Court grants Plaintiff's motion to dismiss without prejudice.

### I. BACKGROUND

On September 11, 2019, Plaintiff, proceeding pro se, commenced this action in the Supreme Court of the State of New York, Suffolk County against defendants Takeda Development Center Americas, Inc., Takeda Pharmaceuticals America, Inc. ("Takeda America"), and Takeda Pharmaceuticals International, Inc. (collectively, "Defendants"). Plaintiff alleges he suffered injuries from use of the prescription medication, Entyvio, which Defendants "designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed." (Compl., ECF No. 1-1.) Plaintiff brings claims for negligence, strict products liability, breach of express and implied warranties, fraudulent concealment, negligent misrepresentation, and consumer fraud in violation of New York General Business Law §§ 349 and 350. (Id.)

On October 3, 2019, Defendants removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On October 10, 2019, Takeda America filed an answer. (ECF No. 7.)

On October 23, 2019, Takeda America filed a pre-motion conference letter for a proposed motion for judgment on the pleadings on the grounds that Plaintiff's claims are not plausibly pled and are also preempted. That same day, the other two defendants filed a pre-motion conference letter for a proposed motion to dismiss for lack of personal jurisdiction. (ECF Nos. 11–12.) On February 6, 2020, the Court waived its pre-motion conference requirement, set a briefing schedule, and stayed all discovery. To date, no discovery has been conducted in this action. (Pl.'s Reply ¶ 31, ECF No. 27 at 9.)

In violation of the Court's briefing schedule, Defendants filed their motions on the docket on February 26, 2020. On March 12, 2020, an attorney filed a notice of appearance for Plaintiff. On March 26, 2020, Plaintiff—now represented by counsel—filed a motion to dismiss this action without prejudice. The Court stayed any further briefing on Defendants' motions to dismiss.

Plaintiff first retained counsel on November 27, 2019. On January 8, 2020, Plaintiff, represented by counsel, commenced a separate action in the New York state court against Dr. Lev Ginzburg and the affiliated NYU entities, alleging medical malpractice for the improper administration of Entyvio to Plaintiff. (ECF No. 25 Ex. D.)

Prior to the filing of Plaintiff's motion to dismiss in this action, Plaintiff's counsel and defense counsel attempted, but ultimately failed, to agree on the terms of a stipulation of dismissal for the instant suit. (ECF No. 25 at 3–4; ECF No. 26 at 3–4.) During those negotiations, Plaintiff sought a substantial settlement from Defendants. (ECF No. 26 at 4; Pl.'s Reply, ECF No. 27 at 1–3.)

Because Takeda America has already filed an answer, Plaintiff's motion to dismiss seeks a dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants oppose Plaintiff's motion, asserting that the Court should deny Plaintiff's motion and rule on

Defendants' dispositive motions. In the alternative, Defendants ask the Court to impose two conditions on a dismissal: (1) a requirement that any refiling of Plaintiff's claims occur in this Court; and (2) an award of attorney's fees and costs to Defendants for defending this action.

## II. DISCUSSION

### A. Standard for Dismissal under Rule 41(a)(2)

Fed. R. Civ. P. 41(a)(2) provides that: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Although voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted." Lopes v. First Unum Ins. Co., No. 09-CV-02642, 2012 WL 3887517, at *1 (E.D.N.Y. Sept. 7, 2012).

In the Second Circuit, "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006). "One line indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Id. (internal quotation marks and citations omitted). "Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors." Id. (citing Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990)). The Zagano factors include: (1) plaintiff's diligence in bringing a motion to dismiss; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. Zagano, 900 F.2d at 14.

3

"These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

**B. Analysis**

Under either standard set forth above, the Court finds that Plaintiff should be permitted to dismiss this case without prejudice and without the imposition of any of the conditions requested by Defendants.

Defendants' primary argument is that Plaintiff's request for an unconditional dismissal without prejudice should be denied because Plaintiff is engaging in forum-shopping. Specifically, Defendants maintain that Plaintiff seeks to dismiss this suit without prejudice so that Plaintiff can add Defendants to his state court action, which Defendants could not remove to federal court because complete diversity would be lacking. Plaintiff does not admit that he is engaging in potential forum-shopping. Instead, Plaintiff asserts that it is his "present intent . . . to pursue the Medical Malpractice Action, only" and that he does not "foresee that changing," but seeks a discontinuance without prejudice "in the event that circumstances change or new facts come to light." (Pl.'s Reply ¶¶ 3, 16.)

In support of their forum-shopping argument, Defendants rely on certain cases from outside the Second Circuit. (ECF No. 26 at 7.) However, courts in the Second Circuit "do not ordinarily consider potential forum shopping implications in deciding Rule 41(a)(2) motions" and have often granted plaintiffs' requests for dismissals without prejudice even when the plaintiff is alleged to be engaged in forum shopping. Am. Fed'n of State, Cty. and Mun. Emps. v. Pfizer, Inc., No. 12-CV-2237, 2013 WL 2391713, at *3 (S.D.N.Y. June 3, 2013); see Ruth v. Purdue Pharma Co., 225 F.R.D. 434, 435-36 (S.D.N.Y. 2004) (granting plaintiff's motion to dismiss without prejudice, despite finding that the plaintiff was undoubtedly engaging in some forum shopping); Stinson v.

4

City U. of New York, 18-CV-5963, 2020 WL 2133368, at *4 (S.D.N.Y. May 4, 2020) (granting pro se plaintiff's request for dismissal without prejudice despite defendant's allegation of forum shopping); Patterson v. Cruz, No. 15-CV-9405, 2016 WL 6583702, at *2 (S.D.N.Y. Nov. 3, 2016) (granting motion to dismiss without prejudice despite defendant's allegation of forum shopping).

Moreover, while Defendants cite to certain out-of-circuit decisions that support their forum shopping argument, decisions from other Circuits have found dismissals without prejudice under Rule 41(a)(2) appropriate despite the prospect of forum shopping. See Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 299 (5th Cir. 2016) ("[t]he potential for forum-shopping does not count as legal prejudice"); Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014); Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991); Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987).

Even assuming arguendo that Plaintiff's motion to dismiss is, in fact, motivated by forum-shopping, the Court finds that, under the circumstances here—where Plaintiff initiated this action pro se and has a related action pending in state court—that potential forum shopping is not a sufficient reason to deny Plaintiff's motion.

**1. The Zagano Factors**

As discussed below, the Court concludes that, on balance, the Zagano factors weigh in favor of the Plaintiff.

**a. Diligence**

Plaintiff was diligent in bringing his voluntary motion to dismiss. "A plaintiff is often considered sufficiently diligent in moving for a voluntary dismissal so long as the motion was made before discovery begins in earnest." Stinson, 2020 WL 2133368, at *2 (quoting Sec. Exch. Comm'n v. One or More Unknown Purchasers of Sec. of Telvent GIT, No. 11-CV-3794, 2013

5

WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013)) (internal quotation marks omitted).  Here, the Court stayed discovery and, to date, no discovery has been conducted.  Additionally, Plaintiff was diligent—he filed his motion five months after the suit was removed, three months after retaining counsel, and shortly after it became clear that the parties would be unable to agree on a stipulated dismissal of this action.  See Am. Fed'n of State, Cty. and Mun. Emps., 2013 WL 2391713, at *3 (finding the plaintiff diligent when the Rule 41(a)(2) motion was filed "less than a year after filing the Complaint . . . [and] less than three months after filing the First Amended Complaint.").  Accordingly, Plaintiff demonstrated his due diligence in bringing this motion.

### b. Undue Vexatiousness

To determine whether a plaintiff has acted vexatiously, "courts consider whether a plaintiff brought an action to harass the defendant or if the plaintiff has ill-motive." Stinson, 2020 WL 2133368, at *3 (quoting Marquez v. Hoffman, No. 18-CV-7315, 2020 WL 729664, at *3 (S.D.N.Y. Feb. 13, 2020)) (internal citations and quotation marks omitted).  Plaintiff, who initially proceeded pro se, did not file this action or his motion to dismiss vexatiously.  Under the circumstances here, any intent to forum shop does not rise to the level of ill-motive. Cf. Patterson, 2016 WL 6583702, at *2.

### c. Progression of the Suit

The extent to which the suit has progressed weighs in Plaintiff's favor. "Many courts consider [t]he extent to which a suit has progressed . . . of primary importance in resolving a Rule 41(a)(2) motion." Stinson, 2020 WL 2133368, at *4 (quoting Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05-CV-3939, 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2., 2008)) (internal quotations omitted). "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary

6

judgment motion practice, or trial preparation has occurred." Am. Fed'n of State, Cty. and Mun. Emps., 2013 WL 2391713, at *4. Here, no discovery has occurred, no summary judgment motions have been filed, and the parties have not engaged in substantial trial preparation. Plaintiff filed his motion to dismiss in response to Defendants' motions to dismiss, and the briefing of those motions has not even been completed. See Brinn v. Hofstra U., No. 15-CV-145, 2015 WL 7756126, at *2 (E.D.N.Y. Dec. 1, 2015) ("[D]efendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter."). Thus, because the suit is still in the early stages of litigation, the Court finds this factor favors Plaintiff.

### d. Duplicative Expense of Relitigation

Even if Plaintiff were to refile these claims, Defendants would face minimal duplicative expenses of relitigation. As noted above, Defendants have only filed the opening briefs for their motions to dismiss and they can presumably reuse the bulk of those papers even if Plaintiff were to refile in state court.

### e. Adequacy of Plaintiff's Explanation

Finally, the Court finds that the adequacy of Plaintiff's explanation is, at worst, a neutral factor for Plaintiff. Plaintiff, who was pro se when this suit was originally filed, states that he wishes to divert all of his resources into the medical malpractice suit filed in state court now that he has had the opportunity to discuss his best course of action with his counsel. (ECF No. 25 at 8-9.) Plaintiff asserts that it is his "present intent . . . to pursue the Medical Malpractice Action, only" and that he does not "foresee that changing," but seeks a discontinuance without prejudice "in the event that circumstances change or new facts come to light."[1] (Pl.'s Reply ¶¶ 3, 16.)

---

[1] Plaintiff's papers also point out that, at the time Plaintiff briefed his motion dismiss, "[t]here [were] only four (4) months left on the statute of limitations with respect to claims raised in the [federal suit], and Plaintiff does not intend on re-filing said action." (Pl.'s Reply ¶ 30.) In granting Plaintiff's motion, the Court is not relying on Plaintiff's argument about the statute of limitations.

7

Defendants contend that Plaintiff's explanation is "inadequate and disingenuous," arguing that Plaintiff's real reason for seeking dismissal with prejudice is to refile the same claims against Defendants in state court. (ECF No. 26 at 5-6.)

Even assuming arguendo that Defendants are correct and that Plaintiff's motivation is to engage in forum shopping, given the circumstances here, such forum shopping would not warrant denial of Plaintiff's motions. The fact that Plaintiff initially filed this action pro se is a factor in his favor and any inadequacy in Plaintiff's explanation does not outweigh the other four factors that favor Plaintiff. Cf. Am. Fed'n of State, Cty. and Mun. Emps., 2013 WL 2391713, at *5 (granting plaintiffs' requested dismissal and explaining that although the plaintiffs' reason for dismissal—"their desire to litigate this case in the Seventh Circuit, which they believe has more favorable RICO precedent"—was "questionable," "any shortcomings in plaintiffs' explanation are not sufficient to overcome the other four factors.").

In sum, the balance of the Zagano factors tip in favor of Plaintiff and warrant granting dismissal without prejudice.

### 2. Legal Prejudice

Relatedly, analyzed under the "legal prejudice" standard, Defendants have not demonstrated that they will suffer legal prejudice should the Court grant Plaintiff's motion to dismiss without prejudice. For essentially the same reasons that Plaintiff prevails under the Zagano factors, the Court concludes that a dismissal without prejudice will not cause Defendants to suffer legal prejudice. See Am. Fed'n of State, Cty. & Mun. Emps., 2013 WL 2391713, at *2 ("The crucial inquiry [in the Zagano analysis] remains whether [the defendant] will suffer substantial prejudice as a result of a dismissal without prejudice." (quoting S.E.C. v. Chakrapani, No. 09-CV-1043, 2010 WL 2605819, at *5 (S.D.N.Y. June 29, 2010))).

Thus, for all the reasons stated above, the Court finds that dismissal of this action without prejudice is appropriate.

### 3. Defendants' Alternative Request that the Court Impose Conditions on a Dismissal Without Prejudice

Defendants argue, in the alternative, that if the Court were inclined to grant Plaintiff's motion to dismiss without prejudice, the Court should require that any refiling of Plaintiff's claims against Defendants be made in this Court. (ECF No. 26 at 9-10.) Given the Court's prior analysis of the forum shopping issue, the Court declines to condition the dismissal on Plaintiff bringing any refiled claims in federal court. See Ruth, 225 F.R.D. at 436 (refusing to apply such a condition and noting that "Defendants suggest no logical reason to believe that any federal court in the country is [a] more suitable forum for this litigation than any state court."); Am. Fed'n of State, Cty. & Mun. Emps., 2013 WL 3328219, at *2 (S.D.N.Y. July 2, 2013) (denying defendant's request that the court's dismissal without prejudice include a venue restriction on any refiling); Bechuck, 814 F.3d at 298 ("a condition limiting the plaintiff's right to refile to the original forum is not the type usually found in Rule 41(a)(2) dismissals" (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976)) (internal quotation marks omitted)).

Defendants also ask the Court for attorney's fees and litigation costs in defending this action. (ECF No. 26 at 9-10.) Courts have discretion to condition a dismissal without prejudice under Rule 41(a)(2) on payment of the defendant's attorneys' fees and costs. See Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) ("Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." (emphasis omitted)); cf. Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108–09 (2d Cir. 2018) (explaining that Rule 41(a)(2) "empowers the district court to either dismiss the case on its own terms or to deny a requested dismissal, if those terms are not met" provided that the plaintiff is provided the

9

opportunity to either accept the court's terms or withdraw its motion to dismiss). Imposing such a fees condition is, however, "not automatic." Hinfin Realty Corp. v. Pittston Co., No. 00-CV-4285, 2014 WL 1653209, at *1 (E.D.N.Y. Apr. 23, 2014); see also UMG Recordings, Inc. v. Lindor, No. 05-CV-1095, 2009 WL 10705760, at *5 (E.D.N.Y. Oct. 9, 2009) (report and recommendation), adopted by, 2010 WL 11623056 (E.D.N.Y. Feb. 2, 2010) (declining to condition dismissal on the payment of fees where "[P]laintiffs have exhibited neither bad faith nor vexatiousness" and the "risk that defendant will incur duplicative costs due to relitigation of the claim against her is minimal"). Even if Plaintiff's claims were to be refiled, there is a low risk of duplicative expenses in this case given that Defendants could presumably reuse the bulk of their motion papers in any subsequent action, even if it were filed in state court. Moreover, the fact that Plaintiff originally filed this action pro se further weighs against an award of fees here. Accordingly, the Court declines to condition Plaintiff's request for a dismissal without prejudice on the payment of Defendants' attorneys' fees and costs.

### III. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion to dismiss without prejudice. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: March 31, 2021
      Central Islip, New York

                                         /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE